IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03106-MEH

DERRICK BRICKERT,

   Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

   Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

   Before the Court is Defendant Deutsche Bank National Trust Company's Motion to Dismiss Second Amended Complaint ("SAC"). ECF No. 23. Defendant argues this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and *Younger* abstention doctrine. Defendant also argues that issue preclusion prevents Plaintiff from challenging the validity of the underlying foreclosure at issue in this case. Finally, Defendant argues that even if the Court were to reach the merits of Plaintiff's claims, each claim should be dismissed under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Motion is **granted in part** and **denied in part**.

## BACKGROUND

I.  **Statement of Facts**

The following factual allegations from Plaintiff's SAC are taken as true pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court will consider documents outside the pleading when appropriate under Tenth Circuit precedent.[1]

Plaintiff acquired the single-family residence on the real property commonly known as 3076 S. Holly Pl., Denver, CO 80222 (the "Property") by grant deed in 2004. ECF No. 12 ¶ 7. On October 23, 2006, Plaintiff executed an adjustable rate note (the "Note") in the amount of $286,000.00 in favor of Fremont Investment & Loan ("Fremont"). ECF No. 23-1. The Note was secured by a deed of trust (the "Deed of Trust") on the Property. ECF No. 23-2. Plaintiff claims that although Defendant "claims to be the [N]ote holder," ECF No. 12 ¶ 8, it is not the true holder or beneficiary of the instrument, *id.* ¶ 19. He further alleges Defendant "created a series of instruments to give the appearance that [Defendant] was in privity with Plaintiff's contract . . . ." *Id.* ¶ 2. Plaintiff also appears to allege that he made monthly payments to Defendant under the terms of the Note even though Defendant was not the beneficiary.[2] *Id.* ¶ 23.

---

[1] The Court may consider three types of documents relevant to the Motion to Dismiss without converting it to a motion for summary judgment. First, a court can take judicial notice of "documents and docket materials filed in other courts." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014). Second, a court may consider documents that are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, if a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] Defendant submits as an exhibit to the Motion a "Corporate Assignment of Deed of Trust" that purports to show an assignment of the Note to Defendant. ECF No. 23-3. The Court is not permitted to consider this document for analysis of the Motion to Dismiss. First, the SAC does not explicitly reference the document. More importantly, Plaintiff's allegations in the SAC do not concede that this document is authentic.

On April 13, 2018, Defendant filed a Verified Motion for Order Authorizing a Foreclosure Sale Under Colo. R. Civ. P. 120 ("Rule 120") in the District Court, Arapahoe County, Colorado. ECF No. 23-4. On May 9, 2018, that court granted the motion. ECF No. 23-5. In doing so, the court held there was a "reasonable probability" that Plaintiff had defaulted, and Defendant was the real party in interest. *See* Rule 120(d)(1). On May 31, 2018, the Arapahoe County Public Trustee recorded a Confirmation Deed that granted ownership of the Property to DFW Group LLLP. ECF No. 23-8. The court then issued an Order Approving Sale on July 6, 2018. ECF No. 23-6.

## II.     Procedural History

Plaintiff initiated this action on December 22, 2017, ECF No. 1, and filed the operative SAC on May 11, 2018. ECF No. 12. Plaintiff asserts claims for: (1) "wrongful foreclosure"; (2) "restitution"; (3) "no contract"; (4) fraud and deceit; (5) quiet title; and (6) "declaratory and injunctive relief." *Id.* ¶¶ 16-47. In response, Defendant filed the present Motion on October 5, 2018, ECF No. 23, which was fully briefed on December 13, 2018, ECF No. 50.

## **LEGAL STANDARDS**

### I.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A Rule 12(b)(1) motion to dismiss must be determined from the allegations of

fact in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Accordingly, Plaintiff in this case bears the burden of establishing that the Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a factual attack on this Court's subject matter jurisdiction; therefore, the Court will consider documents provided by Defendant that are necessary for the Rule 12(b)(1) analysis. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).

## II.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

*Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556

U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## III. Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Accordingly, the court must "not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## **DISCUSSION**

Defendant seeks to dismiss the SAC on four grounds: (1) this Court does not have jurisdiction to consider the claims under the *Rooker-Feldman* doctrine; (2) this Court does not have jurisdiction to consider the claims under the *Younger* abstention doctrine; (3) issue preclusion

prevents me from considering claims "challenging the validity of the foreclosure"; and (4) Plaintiff does not plausibly allege any of his claims.

**I.**     ***Rooker-Feldman***

Defendant first argues that the *Rooker-Feldman* doctrine requires the dismissal of this case, because the Court is not permitted to review the judgment of Colorado's Rule 120 proceedings. "*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). The effect of the doctrine is to "preclude[] a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012). Thus *Rooker-Feldman* prohibits "a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1175 (10th Cir. 2018) (emphasis omitted). But the doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

At this point, the Court concludes that Claims 2-6 do not implicate *Rooker-Feldman*. The doctrine bars a federal court from hearing a claim "only if 'an element of the claim is that [a prior state-court] judgment was wrongful.'" *Mayotte*, 880 F.3d at 1175 (alteration in original) (quoting *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012)). Claims 2-6 can be stated without reference to the Rule 120 proceeding. Therefore, none of these claims are barred by *Rooker-Feldman*.

7

Whether Plaintiff's claim for "wrongful foreclosure" is barred by the doctrine requires the Court to address an issue the Tenth Circuit recently raised in *Mayotte*. Prior to that case, courts in this District often held that the *Rooker-Feldman* doctrine prohibited them from adjudicating lawsuits that would disturb an order issued by a Rule 120 court. *See, e.g.*, *Henry v. Bank of N.Y. Mellon*, No. 16-cv-02144-PAB-STV, 2017 WL 6886679, at *4 (D. Colo. Dec. 5, 2017); *Grigat v. Mortg. Lenders Network, USA*, No. 17-cv-01305-CMA-MEH, 2017 WL 4251943, at *3-4 (D. Colo. Sept. 26, 2017). But in *Mayotte*, the court indicated that "whether" a Rule 120 proceeding implicates *Rooker-Feldman* is an open question. 880 F.3d at 1170. Specifically, the Tenth Circuit called into question whether a Rule 120 order qualifies as a "judgment" necessary to implicate the doctrine. *Id.* at 1175 ("Even if we were to assume for the sake of argument that the Rule 120 order authorizing the sale of the property (or the order approving the sale) could be considered a judgment under *Rooker-Feldman* . . . ."). In *Mayotte*, the court decided it was unnecessary to reach this question, because "none of the claims [in the case] . . . challenge[d] the Rule 120 proceedings or s[ought] to set aside the Rule 120 ruling." *Id.* at 1170 ("[W]e need not decide whether the *Rooker-Feldman* doctrine bars a federal-court challenge to a Rule 120 proceeding or ruling."). But here, I must answer the question to determine whether this Court has jurisdiction to reach the merits of the "wrongful foreclosure" claim.

Several aspects of a Rule 120 order suggest it should not be considered a "judgment" for purposes of *Rooker-Feldman*. First, application of the doctrine is meant to prevent "state-court losers complaining of injuries caused by state-court judgments" from seeking review of the order in federal court. *Exxon Mobil Corp.*, 544 U.S. at 284. But, as courts in this District frequently recognize, "Rule 120 hearings are non-adversarial . . . ." *Dean v. Saxon Mortg. Servs., Inc.*, No. 10-cv-00540-PAB-MJW, 2011 WL 782763, at *2 (D. Colo. Feb. 28, 2011); *Rosenfield v. HSBC*

8

*Bank, USA*, No. 10-cv-00058-MSK-MEH, 2010 WL 3489926, at *6 (D. Colo. Aug. 31, 2010) (noting a Rule 120 proceeding is "not adversarial in nature"). Courts have also noted that Rule 120 proceedings cover the "'*largely administrative*' process of conducting [a] [foreclosure] sale." *Wells Fargo Bank, N.A. v. Gabriel*, No. 11-cv-01195-PAB, 2011 WL 1748571, at *1 (D. Colo. May 6, 2011) (emphasis added) (quoting *Beeler Props., LLC v. Lowe Enters. Residential Inv'rs, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007)). The lack of an adversarial proceeding suggests there is no "loser" to seek review of a "judgment" in a Rule 120 order.

Moreover, Rule 120 itself states that its orders do not "constitute . . . final judgment[s]" and "[t]he granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction . . . ." Rule 120(d)(4). Finally, in *Mayotte*, the court cited to its previous published decision in which it had recognized that district courts in Colorado had "reached differing results concerning whether orders in Rule 120 proceedings have . . . sufficient finality under the *Rooker-Feldman* doctrine to prevent relitigation in subsequent federal proceedings" and stated that it had "found 'those cases denying . . . *Rooker-Feldman* treatment more persuasive.'" *Mayotte*, 880 F.3d at 1175 n.3 (quoting *In re Miller*, 666 F.3d at 1262 n.6).

In light of these considerations, the Court finds that Rule 120 proceedings do not carry sufficient finality for *Rooker-Feldman* to apply. Accordingly, the doctrine does not deprive this Court of jurisdiction to reach the merits of any of Plaintiff's claims.

## II. *Younger* **Abstention**

Defendant alternatively argues *Younger* abstention requires that the Court decline to address Plaintiff's claims. "Under the *Younger* abstention doctrine, federal courts should not

9

'interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—'when a state forum provides an adequate avenue for relief." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quoting *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001)). A court must abstain under *Younger* when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Mbaku v. Bank of Am., Nat. Ass'n*, No. 12-cv-00190-PAB-KLM, 2013 WL 3353880, at *3 (D. Colo. July 3, 2013). "*Younger* is mandatory and does not grant a district court discretion not to abstain unless extraordinary circumstances are present." *Dean v. Saxon Mortg. Servs., Inc.*, No. 10-cv-00540-PAB-MJW, 2011 WL 782763, at *2 (D. Colo. Feb. 28, 2011).

Defendant's position fails on *Younger*'s first element in that Defendant has failed to show there is an ongoing state proceeding. Defendant argues that either of two state court actions warrant abstention. Neither argument succeeds. First, the Rule 120 proceeding cannot serve as the basis for *Younger* abstention, because the state court has already issued an order authorizing sale. *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1061 (D. Colo. 2013) ("[A]n Order Authorizing Sale has issued in the Rule 120 proceeding; thus, the Rule 120 proceeding cannot serve as a basis for *Younger* abstention." (citation omitted)). Alternatively, Defendant argues that a different state court case involving Plaintiff supports abstention: "Mr. Brickert is also challenging the underlying foreclosure proceedings in the context of an ongoing state court eviction action and appeal." ECF No. 23 at 10. To support this argument, Defendant cites to documents filed in Arapahoe County

10

District Court (the "Arapahoe County lawsuit") to show there is an ongoing action requiring that the Court abstain under *Younger*. *See* ECF Nos. 23-12, 23-13. But at the same time, Defendant provides documents to show this proceeding has closed. *See* ECF No. 50 at 5-6; *see also* ECF No. 50-3. Moreover, Defendant relies on this closed case to support its issue preclusion argument, as discussed below. Nevertheless, because the case is closed, it cannot support *Younger* abstention. *Amerson v. Chase Home Fin. LLC*, No. 11-cv-01041-WJM-MEH, 2012 WL 1686168, at *11 (D. Colo. May 7, 2012) ("[T]he finality of proceedings at the state court level . . . categorically obviates the need for abstention pursuant to *Younger*."). Accordingly, dismissal under *Younger* is also not warranted.

### III. Issue Preclusion

Defendant argues Plaintiff is barred "from raising the issues in his [C]omplaint" under the issue preclusion doctrine, otherwise known as collateral estoppel.[3] ECF No. 50 at 5. In Colorado, the elements of collateral estoppel are:

> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*In re Tonko*, 154 P.3d 397, 405 (Colo. 2007).

Defendant argues that the same two proceedings warranting *Younger* abstention also support a conclusion that Plaintiff's claims are barred by issue preclusion. First, Defendant relies on the Rule 120 proceeding, but the rule itself states that the "granting of a motion authorizing a

---

[3] Although Defendant did not raise its argument based on issue preclusion until its Reply brief, it persuasively cites to *Castro v. Kondaur Capital Corp.*, No. 11-cv-03298-CMA-KLM, 2012 WL 3778346, at *8 n.6 (D. Colo. Aug. 14, 2012), for the proposition that "if a court is on notice that an issue presented in the case has been previously decided, it may raise the doctrine *sua sponte*."

11

foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction." Rule 120(d)(4). Accordingly, the proceeding cannot be used to bar a suit under collateral estoppel. *United Guar. Residential Ins. Co. v. Vanderlaan*, 819 P.2d 1103, 1105 (Colo. App. 1991) (finding that "neither the principles of res judicata nor collateral estoppel bars" a plaintiff from bringing suit after an action under Rule 120).

Second, Defendant argues that the Arapahoe County lawsuit bars Plaintiff's claims. However, the plaintiff in that case is named as "DFW Group LLLP." *See* ECF No. 23-10 at 1. Therefore, the parties are not identical to those in this case, and Defendant makes no argument that it is in privity with "DFW Group LLLP." As such, the second element of collateral estoppel is not met, and issue preclusion does not prevent Plaintiff from asserting his claims here.

**IV.     Rule 12(b)(6)**

Finally, Defendant makes brief arguments that Plaintiff's claims should be dismissed for failing to state a claim for relief.[4]

    A.    <u>Claim 1: Wrongful Foreclosure</u>

Defendant argues that Claim 1 should be dismissed, because Colorado does not recognize a cause of action for "wrongful foreclosure." The Court agrees. Plaintiff's "claim fails because 'Colorado does not recognize a claim for damages based on wrongful foreclosure.'" *Donna v. Countrywide Mortg.*, No. 14-cv-03515-CBS, 2015 WL 9456325, at *7 (D. Colo. Dec. 28, 2015) (quoting *Schwartz v. Bank of Am., N.A.*, No. 10-CV-01225-WYD-MJW, 2011 WL 1135001, at *4 (D. Colo. Mar. 28, 2011)); *Knowles v. Bank of Am., N.A.*, No. 12-cv-00621-RBJ, 2012 WL

---

[4] Plaintiff's Response brief substantially discusses a purported defect in the foreclosure sale of the Property. Specifically, Plaintiff asserts that the Deed of Trust conferred the power of sale to the Denver County Public Trustee, not to the Arapahoe County Public Trustee. ECF No. 36 at 3. Plaintiff states that the foreclosure sale went forward despite this defect. *Id.* However, Plaintiff does not argue how this fact is relevant to any of his claims in this suit.

5882570, at *2 (D. Colo. Nov. 21, 2012). Although Plaintiff proceeds pro se in this case, I will not supply additional facts or construct a legal theory on his behalf. This claim is dismissed.

B.    Claim 2: "Restitution" or Unjust Enrichment

Defendant argues the "restitution" claim, which the Court construes as a claim for unjust enrichment, should be dismissed, because it is governed by the terms of a contract. Alternatively, Defendant argues dismissal is appropriate, because it is not clear what cause of action Plaintiff intends. First, I do not agree that this claim is so vague that it fails to state a claim. Plaintiff alleges that Defendant was not the beneficiary of the Note, yet Plaintiff made monthly payments to Defendant. ECF No. 12 ¶ 23. As such, Plaintiff states it would be unjust to let Defendant retain the benefit of the payments. *Id.* In *Mayotte*, the Tenth Circuit recognized a similar claim. 880 F.3d at 1170 ("[The plaintiff] alleges that the defendants . . . have no ownership interest in her promissory note or property, that they have been unjustly enriched by accepting payments not due them . . . .").

Defendant also argues that the claim is governed by the terms of a valid contract. ECF No. 23 at 13 n.2. However, this argument would require that I consider the "Corporate Assignment of Deed of Trust," which I have already found to be improper for a Rule 12(b)(6) analysis. Defendant makes no other argument to support dismissal of this claim. Therefore, the claim is not dismissed.

C.    Claim 3: No Contract

In this claim, Plaintiff appears to argue that the Note he executed with Fremont is not valid, because the parties "never had a meeting of the minds." *Id.* ¶ 27. However, there is no indication that Defendant was a party to the Note, and Plaintiff otherwise does not demonstrate how Defendant is liable for any action relating to that contract. Accordingly, this claim is dismissed.

13

D. Claim 4: Fraud and Deceit

Defendant argues that Plaintiff fails to meet Rule 9(b)'s heightened pleading standard on his fraud and deceit claim. Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Thus, a plaintiff "must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *United States ex rel. Pfeifer v. Ela Med., Inc.*, No. 07-cv-01460-WDM-MEH, 2010 WL 1380167, at *13 (D. Colo. Mar. 31, 2010) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

Here, the fraud Plaintiff attempts to allege is not clear. Plaintiff begins by alleging that Defendant "created a series of instruments to give the appearance that [Defendant] was in privity with Plaintiff's contract in order to declare default and conduct a willfully oppressive and wrongful foreclosure." ECF No. 12 ¶ 2. But the SAC continues to allege that Plaintiff "was harmed by Defendant[']s representations in that Plaintiff believed he[]was dealing with parties who had an interest in a performing loan but in fact Defendants had no authority or interest in modifying the loan or having it perform." *Id.* ¶ 34. Absent from these allegations is the necessary time and place of any fraudulent act by Defendant, as well as a particular statement regarding harm to Plaintiff. Accordingly, the allegations fail to state a plausible fraud claim. *See, e.g.*, *Grealish v. Am. Brokers Conduit*, No. 2:08CV765 DS, 2009 WL 2992570, at *2 (D. Utah Sept. 16, 2009) (dismissing a fraud claim when the plaintiff merely described "a widespread scheme amongst the major mortgage companies," because there were no allegations of "what representation was made, who it was made by, the content of the alleged representation").

E.  Claim 5:  Quiet Title

Defendant also contends that Plaintiff fails to allege facts to support a quiet title claim.  "A plaintiff in an action to quiet title 'must rely on the strength of his own title thereto' and cannot succeed by challenging defendants [sic] title."  *McKinsey v. GMAC Mortg., LLC*, 13-cv-00084-REB-MJW, 2013 WL 3448483, at *14 (D. Colo. July 9, 2013) (alteration in original) (quoting *Knowles v. Bank of Am., N.A.*, No. 12-cv-00621-RBJ, 2012 WL 5882570, at *5 (D. Colo. Nov. 21, 2012)).  A plaintiff may not allege a quiet title claim simply by "claim[ing] [he] own[s] the property."  *Id.*  Further, in a quiet title action in Colorado, "all of the parties who claim interest in the parcel are indispensable for a proper judgment to be entered."  *Keith v. Kinney*, 961 P.2d 516, 519 (Colo. App. 1997).

Here, Plaintiff does not allege Defendant has any interest in the Property.  Further, public records that the Court may consider show the purchasing party at the foreclosure sale was DFW Group LLLP.  ECF No. 23-8.  As an interested party, DFW Group LLLP is indispensable for the quiet title claim, but has not been named a party in this case.[5]  The Court finds Plaintiff does not state a claim for relief under Colorado law for a quiet title action.

F.  Claim 6:  Declaratory and Injunctive Relief

Finally, Plaintiff alleges a "claim" for declaratory and injunctive relief, but such claim is actually a request for a certain type of relief and not a separate cause of action.  *S.R. ex rel. H.D.R. v. United States*, No. 01-162 RLP/LCS ACE, 2001 WL 37125063, at *1 n.1 (D.N.M. July 30, 2001) ("Declaratory relief is a procedural device by which various substantive claims may be vindicated, not a cause of action in and of itself.").

---

[5] On March 18, 2019, the Plaintiff attempted to amend his pleading to add DFW Group LLLP as a Defendant in this case; however, the Court found that such amendment would destroy diversity jurisdiction and, thus, would be futile.  *See* Order, May 9, 2016.

15

**CONCLUSION**

The majority of Plaintiff's claims must be dismissed, because he fails to allege plausible claims for relief. However, Plaintiff plausibly states his second claim for restitution, or unjust enrichment, against Defendant, and it will proceed. Accordingly, the Motion to Dismiss Second Amended Complaint [filed October 5, 2018; ECF No. 23] is **granted in part** and **denied in part**.

Dated at Denver, Colorado this 9th day of May, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge