IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03106-MEH

DERRICK BRICKERT,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's "Motion for Leave to Add SBMP Ventures LLC ("SBMP") and DFW Group LLLP ("DFW") as Party Defendants (Motion for Leave to Amend Second Amended Complaint)" [filed March 8, 2019; ECF No. 57]. For the reasons that follow, the Motion is denied.

## BACKGROUND

Plaintiff initiated this action on December 22, 2017, ECF No. 1, and filed the operative Second Amended Complaint ("SAC") on May 11, 2018. ECF No. 12. The SAC generally alleges the Defendant fabricated documents to create the appearance that it was the holder of the Note that secured the Deed of Trust on Plaintiff's residence at 3076 S. Holly Pl., Denver, CO 80222 (the "Property") and wrongfully initiated foreclosure proceedings on the Property. *See* ECF No. 12 ¶¶ 2-10. The SAC asserts the following six claims: (1) "wrongful foreclosure"; (2) "restitution"; (3) "no contract"; (4) fraud and deceit; (5) quiet title; and (6) "declaratory and injunctive relief." *Id.* ¶¶ 16-47.

Plaintiff now seeks leave to file the proposed Third Amended Complaint ("PTAC"), which asserts Claims 4-6 against SBMP and DFW. The PTAC would add allegations that on June 5, 2018, the Arapahoe County Public Trustee recorded a certificate of purchase that listed SBMP as a certified purchaser of the Property. ECF No. 57-1 ¶ 28. It then alleges that SBMP recorded an assignment of the Property to DFW "to immunize all from the illegalities of the transactions." *Id.* ¶ 29. The PTAC does not add substantive allegations as they pertain to the claims against Defendant.

Plaintiff initially filed the present Motion on December 27, 2018, ECF No. 51, which was within the December 29, 2018 deadline for the amendment of pleadings set in the Scheduling Order, ECF No. 40 ¶ 9(a). The Court denied that motion without prejudice on January 8, 2019, because it failed to comply with D.C. Colo. LCivR 7.1(a), and allowed Plaintiff to refile the motion on or before January 15, 2019. ECF No. 52. On that date, Plaintiff timely filed a new motion to amend his pleading. ECF No. 53. On February 20, 2019, the Court denied the motion without prejudice again, because it failed to comply with Local Rule 15.1(b). The Court allowed Plaintiff to refile the motion on or before March 8, 2019. ECF No. 56. On that date, Plaintiff filed the present Motion in conformance with all applicable Local Rules.

## DISCUSSION

Because Plaintiff seeks leave to amend the SAC after Fed. R. Civ. P. 15(a)(1) permits a party to amend its pleading as a matter of course, the Motion implicates Rule 15(a)(2), which states:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

"[T]he Rule itself states that 'leave shall be freely given when justice so requires.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Defendant opposes the motion, arguing that the proposed amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006); *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . .").

In this case, the proposed amendment would be futile, because joining the additional parties would defeat the diversity jurisdiction on which Plaintiff relies to bring his lawsuit in this Court. Plaintiff asserts jurisdiction under 28 U.S.C. § 1332, which provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." It is Plaintiff's burden to show diversity exists and subject matter jurisdiction is proper. *Observatory Place LLC v. Interstate Fire & Cas.*, No. 10-cv-02423-PAB-KLM, 2010 WL 4942534, at *1 (D. Colo. Nov. 23, 2010) ("It is well established that '[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.'" (alteration

in original) (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004))). Diversity jurisdiction requires every defendant to be diverse from Plaintiff. *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) ("[E]ach plaintiff must be diverse from each defendant to have what is known as complete diversity."). Plaintiff alleges he is a citizen of the state of Colorado. ECF No. 12 ¶ 7; ECF No. 57-1 ¶ 7. Thus, it is Plaintiff's burden to establish that each proposed defendant is not a citizen of Colorado.

The PTAC does not properly allege the citizenship of SBMP or DFW; but the statements in the proposed pleading suggest those parties are not diverse. The PTAC alleges SBMP "is a Colorado Limited Liability Company" and DFW "is the trade name for DS Fine, LLLP, a Colorado Limited Liability Limited Partnership." ECF No. 57-1 ¶ 8(b)-(c). If true, the addition of these parties would defeat diversity jurisdiction. However, neither of these allegations is sufficient to meet Plaintiff's burden to demonstrate diversity jurisdiction, because the citizenship of those entities must be established by the citizenship of its individual members or partners. *Peelle v. Walmart Inc.*, No. 19-cv-0171 SMV/GJF, 2019 WL 1559285, at *2 (D.N.M. Apr. 10, 2019) ("Partnerships, limited partnerships, and limited liability companies . . . are citizens of each and every State in which any partner or member is a citizen."); *Nehemiah Rebar Servs, Inc. v. Hertz*, No. 17-cv-01081-PAB, 2017 WL 1830301, at *1 (D. Colo. May 8, 2017). Here, Plaintiff has not established the citizenship of SBMP or DFW, because he does not allege the citizenship of the members or partners of the proposed defendants.

Due to this deficiency, the Court issued an Order to Show Cause on April 23, 2019, instructing Plaintiff to file a written response on or before May 2, 2019, demonstrating why the present Motion to Amend should not be denied for failure to establish complete diversity. ECF No. 62. That time has expired and Plaintiff has not responded. As such, Plaintiff's lawsuit would

4

be subject to dismissal if he were permitted leave to file the PTAC. *Observatory Place LLC*, 2010 WL 4942534, at *2 ("[T]his Court cannot proceed under diversity jurisdiction without fully accounting for the citizenship of all the parties. Such accounting has not occurred in the present case. As a consequence, plaintiff's case must be dismissed.").

## CONCLUSION

The proposed amendments are futile, because Plaintiff's lawsuit, as amended, would have to be dismissed for lack of subject-matter jurisdiction. Accordingly, it is not appropriate to grant Plaintiff leave to amend under Rule 15(a)(2). For the foregoing reasons, Plaintiff's motion [filed March 8, 2019; ECF No. 57] is **denied**.

Dated at Denver, Colorado this 9th day of May, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge