**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 17-cv-03106-MEH

DERRICK BRICKERT
    Plaintiff,
v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUST COMPANY AS TRUSTEE FOR GSAMP TRUST 2007-FM2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FM2, ET AL, AND DOES 1 TO 50 INCLUSIVE,
    Defendants.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2007-FM2, Mortgage Pass-Through Certificates, Series 2007-FM2 ("Defendant"), by its undersigned attorneys, Murr Siler & Accomazzo, P.C., and pursuant to Fed. R. Civ. P. 56 respectfully moves for summary judgment on the Second Amended Complaint filed by Plaintiff Derrick Brickert ("Mr. Brickert"), and in support of its motion (the "Motion"), states as follows:

**STATEMENT OF CONFERRAL**

No conferral is required as this is a motion brought under Fed. R. Civ. P. 56. *See* D.C.COLO.L.Civ.R 7.1(b)(3).

**INTRODUCTION**

Mr. Brickert's Second Amended Complaint asserts a variety of claims against Defendant concerning his residential mortgage loan and Defendant's foreclosure under the deed of trust that secured the same and that encumbered real property commonly known as 3076 S. Holly Place,

Denver, Colorado 80222 (the "Property"). Mr. Brickert made several unsuccessful attempts to amend his pleadings to bolster his deficient allegations and join additional defendants. After the Court granted, in part, and denied, in part, Defendant's motion to dismiss, the only surviving claim in Mr. Brickert's Second Amended Complaint is his claim against Defendant for "restitution" or unjust enrichment.

In the year and a half since these proceedings have been pending, Mr. Brickert has failed to substantiate his allegations in this case. In the meantime, the underlying Rule 120 foreclosure proceedings were completed, resulting in the purchase of the Property at the foreclosure sale by a third party. Despite his knowledge of those proceedings, Mr. Brickert chose not to participate in them. Also during this time, the third party purchaser initiated and completed forcible eviction proceedings.

Rather than meaningfully participate in either of those two state court proceedings, Mr. Brickert mounted a challenge here, attempting to re-litigate the findings and rulings from those state court proceedings. Mr. Brickert, however, has no evidence to support any of his allegations in this case. His responses to Defendant's written discovery requests yielded almost no information or documentation, save but a handful of immaterial documents he brought with him to his deposition. Instead of being grounded in fact, Mr. Brickert acknowledged at his deposition that his claims and allegations are based primarily on his viewing of the film, "The Big Short" and the assistance of an unidentified third party. *See* Ex. D, at 14:19 – 15:04, 15:18 – 15:24, and 45:22.

In the absence of any evidence to support his claim for "restitution" or unjust enrichment, there are no genuine issues of material fact requiring a trial on the merits in this case. Indeed, for the reasons below, the facts in this case affirmatively demonstrate that Defendant was entitled to

enforce the deed of trust and foreclose on the Property and was not unjustly enriched. Moreover, the court's that have considered the legal theories underlying Mr. Brickert's claim for restitution or unjust enrichment have "uniformly rejected" them as a matter of law. Accordingly, summary judgment should be granted in favor of Defendant and against Mr. Brickert.

## STATEMENT OF MATERIAL UNDISPUTED FACTS

1. On October 23, 2006, Mr. Brickert executed and delivered a promissory note ("Note") in favor of Fremont Invest & Loan ("Fremont") in the original principal sum of $286,000.00 (the "Loan"). *See* **Exhibit A**, a true and correct copy of the Affidavit of Sony Prudent, a Senior Loan Analyst for Defendant's loan servicer Ocwen Loan Servicing, LLC ("Ocwen") and **Exhibit A-1**, a true and correct copy of the Note.

2. The Note bears indorsement from Fremont to blank. *See* Ex. A, ¶ 5; Ex. A-1, p. 5.

3. The Note was subsequently transferred to Defendant pursuant to the terms of a Pooling and Servicing Agreement dated February 1, 2007 (the "PSA"). *See* Ex. A, ¶ 6; **Exhibit A-2**, a true and correct copy of the PSA.[1]

4. Under the terms of the Note, Mr. Brickert agreed as follows: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *See* Ex. A-1, p. 1, ¶ 1.

---

[1] The full PSA and appended loan schedule (evidencing that Mr. Brickert's Loan was one of the loans sold to Defendant under the PSA) that are attached as exhibits to Sony Prudent's original affidavit total 878 pages, and thus, only the relevant portions thereof are submitted with this Motion. However, a full version of the PSA is available online at https://www.sec.gov/Archives/edgar/data/1389420/000091412107000794/gs7803293-ex4.txt, and the entire PSA and full loan schedule (redacted to protect the private information of other borrowers) are available for the Court to review upon request.

5. To secure the repayment for the Note, Mr. Brickert executed a deed of trust ("Deed of Trust") in favor of Mortgage Electronic Registration Systems, Inc. solely as nominee for the original lender Fremont, and its successors and assigns. *See* Ex. A, ¶ 10; **Exhibit A-3**, a true and correct copy of the Deed of Trust.

6. Mr. Brickert acknowledges Exhibits A-1 and A-3 are true and genuine copies of the Note and Deed of Trust. *See* attached **Exhibit B-1**, a copy of Defendant's Requests for Admission, p. 6; and attached **Exhibit B-2**, a copy of Mr. Brickert's March 22, 2019 Responses to Defendant's Requests for Admission, p. 2.

7. The Deed of Trust was recorded on October 31, 2006, at Reception No. B6155140 in the real property records of Arapahoe County, Colorado, and encumbered the Property. (the "Property"). *See* Ex. A, ¶ 12-13; Ex. A-3, p. 3.

8. Under the terms of the Deed of Trust, Mr. Brickert "accept[ed] and agree[d] that:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.

*See* Ex. A-3, p. 12, ¶ 20; p. 14.

9. The Deed of Trust was assigned from MERS, as nominee for Fremont Investment & Loan, to Deutsche Bank, as Trustee, as memorialized by the Corporate Assignment of Deed of Trust executed on August 31, 2017, and recorded in the Arapahoe County real property records on September 7, 2017 at Reception Number D7102369 (the "Deutsche Bank Assignment"). *See* Ex. A, ¶ 16; **Exhibit A-4**, a true and correct copy of the Deutsche Bank Assignment.

10. The last monthly mortgage payment made by Mr. Brickert was received on February 28, 2017, which was applied to the payment due for February 1, 2017. *See* Ex. A, ¶ 18; **Exhibit A-5**, a true and correct copy of the payment history for the Loan, p. 6.

11. On April 26, 2017, Ocwen sent Mr. Brickert a Notice of Default advising him of (a) his default, (b) the action required to cure the default, (c) the date by which he needed to cure the default, which date was not less than 30 days from the date of this letter, and (d) the fact that his failure to cure the default by that date would result in the acceleration of the amounts owed on the Loan and the initiation of foreclosure proceedings (the "Notice of Default"). *See* Ex. A, ¶ 19; **Exhibit A-6**, a true and correct copy of the Notice of Default.

12. On July 17, 2017, the original Note and Mortgage were delivered to Defendant's loan servicer, Ocwen. *See* Ex. A, ¶ 20; **Exhibit A-7**, a true and correct copy of Ocwen's business records documenting its receipt of the original Note and Mortgage.

13. On July 28, 2017, Ocwen sent Mr. Brickert an additional letter notifying him that the default had not been cured, advising him of the amount needed to reinstate the Loan, and informing him that the Loan may be referred to foreclosure if the default was not cured (the "Pre-Foreclosure Referral Letter"). *See* Ex. A, ¶ 21; **Exhibit A-8,** a true and correct copy of the Pre-Foreclosure Referral Letter.

14. In light of Mr. Brickert's failure to cure his default, Rule 120 foreclosure proceedings were initiated in Colorado state court on April 13, 2018 (the "Foreclosure

Proceedings"). A copy of the Register of Actions for case number 2018CV0308770 in Arapahoe County, as maintained by the Colorado Courts E-Filing system, is attached as **Exhibit C**.[2]

15. Mr. Brickert does not dispute the Loan was in default at the time the Foreclosure Proceedings were initiated. *See* attached **Exhibit D**, an excerpt from the transcript of Mr. Brickert's April 22, 2019 deposition, at 33:21 – 34:01.

16. In fact, Mr. Brickert has admitted the last monthly mortgage payment he made was on or about February 28, 2017. *See* **Ex. B-1**, p. 6, Req. #1 and #2; **Ex. B-2**, p. 2, Req. #1 and #2.

17. At the time the Foreclosure Proceedings were initiated, Mr. Brickert admits he does not know who owned or held his Loan, Note, and Deed of Trust. *See* Ex. D, at 28:04 – 28:10.

18. Based on the Colorado court's findings that there was a reasonable probability Mr. Brickert had defaulted under the terms of the Note and that Defendant did in fact possess the Note at the time of the filing of initiating the Foreclosure Proceedings, an Order Authorizing Sale was entered on May 9, 2018. *See* Ex. D; *see also* a copy of the Order Authorizing Sale maintained and relied upon by the Public Trustee for Arapahoe County in case number 0522-2017, attached as **Exhibit E.**[3]

19. On May 30, 2018, the Public Trustee for Arapahoe County, Colorado conducted a foreclosure sale of the Property, and SBMP Ventures LLC was the highest bidder and successful

---

[2] Defendant respectfully requests the Court take judicial of the electronic docket for the Foreclosure Proceedings, as it is a document that is not subject to reasonable dispute and is capable of accurate verification. The Court may take judicial notice of such facts that are a matter of public record. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276 (10th Cir. 2004) (citing 27A Fed.Proc., L.Ed. §62:520 (2003); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)).
[3] Defendant respectfully requests the Court take judicial of the Public Trustee of Arapahoe County's foreclosure records in case number 0522-2017, http://foreclosuresearch.arapahoegov.com/foreclosure/SearchDetails.aspx?id=40052627&fn=0522-2017, last visited on May 30, 2019.

purchaser of the Property at the sale. *See* Ex. A, ¶ 22; **Exhibit A-9**, a true and correct copy of the Public Trustee's Certificate of Purchase.

20. The Certificate of Purchase was recorded in the real property records of Arapahoe County, Colorado at Reception No. D8053235 on June 5, 2018. *See* Ex. A-9.

21. On June 6, 2018, an Assignment of Public Trustee's Certificate of Purchase between SBMP Ventures LLC and DFW Group LLLP was recorded at Reception No. D8054028 in the Arapahoe County records. *See* Ex. A, ¶23; **Exhibit A-10**, a true and correct copy of the Assignment of Public Trustee's Certificate of Purchase.

22. On June 13, 2018, the Arapahoe County Public Trustee recorded a Confirmation Deed at Reception No. D8057210 in the real property records of Arapahoe County, Colorado, granting ownership of the Property to DFW Group LLLP. *See* Ex. A, ¶ 24; **Exhibit A-11**, a true and correct copy of the Confirmation Deed.

23. In Mr. Brickert's April 8, 2019 Responses to Defendant's Interrogatories and Requests to Produce, he represented he did not have any documents or records to produce. *See* **Exhibit F**, a copy of Mr. Brickert's April 8, 2019 Responses to Defendant's Interrogatories and Requests to Produce, p. 6.

## **STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure requires the court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under this standard, the moving party must first establish the absence of a genuine issue of material fact on the claims or elements as to which it is moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also*

*Kannady v. City of Kiowa*, 590 F.3d 1161, 1168-1169 (10th Cir. 2010) ("The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.") (internal quotation marks removed).

"[I]n response to a properly supported motion for summary judgment, a non-movant must produce sufficient evidence for a reasonable trier of fact to find in its favor at trial on the claim or defense under consideration." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249.

## ARGUMENT

Mr. Brickert's sole remaining claim for "restitution" or unjust enrichment rests on the following allegations contained in a single paragraph of the Second Amended Complaint:

> Whether termed unjust enrichment, quasi-contract, or quantum meruit, the equitable remedy of restitution when unjust enrichment has occurred is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money. Fremont received the balance on Plaintiff's Note when it securitized the loan within days of its inception. Deutsche has no beneficial interest in Plaintiff's mortgage, so the pending foreclosure of Plaintiff's Property would constitute unjust enrichment. The DOT states that all secured sums must be paid. Plaintiff alleges that the obligations under the DOT were fulfilled when Fremont received funds in excess of the balance on the Note as a result of the proceeds of sale through securitization to private investors and insurance proceeds from Credit Default Swaps. The investors have also been paid in full, and so

> Deutsche has been unjustly enriched by demanding monthly payments from Plaintiff. Plaintiff is entitled to restitution for any payments he made to Deutsche that were not paid to the beneficiary, if any.

*See* Second Am. Compl., ¶ 23. For the reasons below, the undisputed facts in this case demonstrate that Mr. Brickert's claim is meritless, and the legal theories on which his remaining claim are based have been uniformly rejected. Accordingly, Defendant is entitled to summary judgment in its favor as a matter of law.

### I. A CAUSE OF ACTION FOR UNJUST ENRICHMENT FAILS WHERE A WRITTEN CONTRACT ALREADY EXISTS

"[A] claim for unjust enrichment may not be asserted if there is a valid contract covering the subject matter of the alleged obligation to pay." *Jorgensen v. Colo. Rural Props., LLC*, 226 P.3d 1255, 1259 (Colo. App. 2010) (citing 26 Richard A. Lord, *Williston on Contracts* § 68:1, at 21 (4th ed. 2003) (the remedy arises "where no true contract exists")). Thus, before addressing the substance of an unjust enrichment claim, a threshold issue is whether there is already a valid contract covering the same allegations that form the basis of the claim.

Here, it is undisputed that the Note and Deed of Trust governed both the relationship between the parties to this lawsuit and Mr. Brickert's contention that he was no longer obligated to fulfill his payment obligations under the same. For example, under the terms of the Note, Mr. Brickert was required to make payments to Lender or "Note Holder" to whom the Note has been transferred, and he expressly agreed as follows: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *See* Ex. A-1, p. 1, ¶ 1; ¶ 3; p. 3, ¶ 7. The Note also provides that the Deed of Trust protects the Note Holder from possible losses which might result if [Mr. Brickert did] not keep the promises which [he] ma[de] in this Note," and under

the Deed of Trust, Mr. Brickert agreed that: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *See* Ex. A-3, p. 12, ¶ 20; p. 14.

It is also undisputed that the Note and Deed of Trust were sold to Defendant, and that Defendant and that the Note and Deed of Trust were transferred from the original lender Fremont to Defendant, pursuant to the terms of the February 1, 2007 PSA. *See* Ex. A, ¶ 6; Ex. A-2. There is also no dispute that the original Note was endorsed in blank by Fremont. *See* Ex. A, ¶ 5; Ex. A-1, p. 5.

Accordingly, there is no genuine issue of material fact in dispute concerning Mr. Brickert's obligation to make payments to Defendant under the Note and Deed of Trust, notwithstanding the fact that the Loan had been transferred from the original lender Fremont. *See* Ex. A-1, p. 1, ¶ 1; ¶ 3; p. 3, ¶ 7; Ex. A-3, p. 12, ¶ 20; p. 14. And, because the Note and Deed of Trust constitute "valid contract[s] covering the subject matter of the alleged obligation to pay," Mr. Brickert's claim for unjust enrichment fails as a matter of law. *See Jorgensen v. Colo. Rural Props., LLC*, 226 P.3d at 1259.[4]

---

[4] Defendant also notes that the Deed of Trust had been assigned to Defendant, and the original blank-endorsed Note was delivered to Defendant's loan servicing agent, Ocwen, prior to the initiation of the Foreclosure Proceedings in the Rule 120 Foreclosure Proceedings. *See* Ex. A, ¶ 16 & 20; Exs. A-4 & A-7. Additionally, the District Court of Arapahoe County found sufficient evidence that Defendant had the appropriate standing to foreclose, *see* Ex. E; and Mr. Brickert acknowledges he never made any attempt to raise any of his claims or defenses during the Foreclosure Proceedings, *see* Ex. D, at 19:05–19:09.

## II. MR BRICKERT'S ARGUMENTS REGARDING SECURITIZATION AND "CREDIT DEFAULT SWAPS" FAIL AS A MATTER OF LAW

Mr. Brickert's claim alleges that "the obligations under the DOT were fulfilled when Fremont received funds in excess of the balance on the Note as a result of the proceeds of sale through securitization to private investors and insurance proceeds from Credit Default Swaps." *See* Second Am. Compl., ¶ 23. When asked about this allegation, Mr. Brickert stated that he did not know who any of the alleged private investors were, when Fremont allegedly received the purported proceeds, or what the amounts of the alleged proceeds were. *See* Ex. D, at 39:09 – 40:09. Mr. Brickert's unsupported allegations and speculation are insufficient to demonstrate any legitimate basis for his claim.

Moreover, courts that have considered the very same theory advanced by Mr. Brickert have "uniformly rejected" it. *See Scarborough v. LaSalle Bank Nat. Ass'n*, 460 Fed. Appx. 743, 750–51 (10th Cir. 2012); *Mbaku v. Bank of Am., Nat'l Ass'n*, 2014 WL 3906463, at *6 (D. Colo. Aug. 11, 2014), *aff'd sub nom. Mbaku v. Bank of Am., Nat. Ass'n*, 628 Fed. Appx. 968 (10th Cir. 2015) (citing *Rosas v. Carnegie Mortgage, LLC*, 2012 WL 1865480, at *8 (C.D. Cal. May 21, 2012) ("plaintiffs' theory that lenders that received funds through loan securitizations or credit default swaps must waive their borrowers' obligations fails as a matter of law")); *Williams v. Ocwen Loan Servicing LLC,* 2015 WL 11511579, at *9 (N.D. Ga. July 31, 2015), *report and recommendation adopted, Williams v. Ocwen Loan Servicing LLC*, 2015 WL 11622471 (N.D. Ga. Aug. 26, 2015) ("[C]ourts have uniformly rejected claims that securitization, insurance, or credit default swaps negate a borrower's obligations or a creditor's ability to foreclose.") (collecting cases); *see also Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 Fed. Appx. 265, 272 (5th Cir. 2014) ("The Shavers fail to plausibly allege how the receipt of credit default payments or third-party

insurance payments without an accompanying decrease to the loan balance is unjust enrichment. The Shavers cite no cases holding that a lender must decrease the borrower's loan balance by the amount received from third-party transactions, likely because no court has accepted this novel theory. In fact, many courts have rejected similar claims based on a lender's receipt of funds from credit default swaps and other comparable sources.") (collecting cases); Thus, even if Mr. Brickert had produced any evidence in this case, his allegations fail to support a claim for restitution or unjust enrichment as a matter of law.

### III. MR. BRICKERT'S CLAIM FOR UNJUST ENRICHMENT OTHERWISE FAILS AS A MATTER OF LAW

Even if Mr. Brickert's claim did not fail as a matter of law for the reasons above, Defendant would still be entitled to summary judgment in its favor because Mr. Brickert cannot satisfy each of the elements of his claim. "Unjust enrichment is a form of contract, or quasi-contract, implied by law that does not rely upon a promise between parties." *Walshe v. Zabors*, 2017 WL 1048278, *7 (D. Colo. Mar. 20, 2017); *see also Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1007 (Colo. 2008). "It is a form of restitution designed to restore the plaintiff to his or her prior status." *Walshe*, 2017 WL 1048278 at *7. The Restatement of Restitution § 1 states "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." *DCB Constr. Co., Inc. v. Central City Devel. Co.*, 965 P.2d 115, 118-19 (Colo. 1998) (citing Restatement of Restitution § 1 (1937). The comment to this section explains that "[a] person is enriched if he has received a benefit. A person is unjustly enriched if the retention of the benefit would be unjust." Restatement of Restitution § 1 cmt. a (1937).

To recover on this claim, Mr. Brickert must prove by a preponderance of the evidence that (1) at his expense, (2) the Defendant received a benefit; (3) under circumstances making it unjust

12

for Defendant to retain the benefit without paying for it. *Id*; *Robinson*, 179 P.3d at 1007. Thus, "unjust enrichment requires some form of misconduct by [Defendant], such as fraud, coercion, or a clear act of bad faith." *Id*. Mr. Brickert, however, cannot prove by a preponderance of the evidence that Defendant retained any benefits at Mr. Brickert's expense under "unjust" circumstances."

First, Mr. Brickert has not offered any evidence during the discovery process to support any of the elements of his claim for unjust enrichment. For instance, no evidence has been produced showing that Defendant unjustly received any benefits at Mr. Brickert's expense. To the contrary, it was Mr. Brickert who unjustly obtained the benefit of living at the Property since February 2017 without making any of the mortgage, tax, or insurance payments he had agreed to make under the Note and Deed of Trust. *See* Ex. A, ¶ 18; Ex. A-5. Nor has Mr. Brickert produced any evidence whatsoever demonstrating any other unjust circumstances, fraud, coercion, or acts of bad faith.

Instead, Mr. Brickert alleges that "Deutsche has no beneficial interest in Plaintiff's mortgage, so the pending foreclosure of Plaintiff's Property would constitute unjust enrichment," and that "Deutsche has been unjustly enriched by demanding monthly payments from Plaintiff." However, as discussed in detail in Section I above, it is undisputed that: (1) Mr. Brickert agreed in both the Note and Deed of Trust that such instruments could be transferred and that he would be obligated to pay the transferee Note Holder, *see* Ex. A-1, p. 1, ¶ 1; ¶ 3; p. 3, ¶ 7; Ex. A-3, p. 12, ¶ 20; p. 14; and (2) that the blank-endorsed Note and the Deed of Trust were in fact transferred and assigned to Defendant by the original lender, pursuant to the terms of the February 1, 2007 PSA. *See* Ex. A, ¶ 6; Ex. A-2; Ex. A, ¶ 5; Ex. A-1, p. 5; Ex. A, ¶ 16, Ex. A-4. The District Court of

13

Arapahoe County also found that Defendant had produced sufficient evidence of its standing to foreclose, *see* Ex. E; and Mr. Brickert acknowledges he never made any attempt to raise any of his claims or defenses during the Foreclosure Proceedings, *see* Ex. D, at 19:05–19:09.

Accordingly, there is no genuine issue of material fact in dispute concerning Mr. Brickert's obligation to make payments to Defendant under the Note and Deed of Trust, and Mr. Brickert's claim for restitution/unjust enrichment fails as a matter of law. In the absence of any genuine issues of material fact requiring a trial on the merits in this case, Defendant requests that the Court grant summary judgment in its favor and against Mr. Brickert's on his Second Amended Complaint.

WHEREFORE, Defendant respectfully requests the Court enter an order granting summary judgment in Defendant's favor and against Mr. Brickert, and award such further relief as this Court deems just and proper.

Dated this 31st day of May, 2019.

                    MURR SILER & ACCOMAZZO, P.C.

                    */s/   James P. Eckels*
                    James P. Eckels
                    G. Stephen Caravajal
                    410 17th Street, Suite 2400
                    Denver, Colorado 80202
                    TEL:   (303) 534-2277
                    FAX:   (303) 534-1313
                    jeckels@msa.legal, scaravajal@msa.legal
                    *Attorneys for Defendant Deutsche Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2019, the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed using the court's CM/ECF filing system, and served the foregoing upon the following via U.S. Mail or electronic mail:

Derrick Brickert
P.O. Box 304
Morrison, CO 80465
*Plaintiff Pro Se*

              By: *s/Mark Adams*
                Mark Adams, Paralegal