IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03106-MEH

DERRICK BRICKERT,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion for Summary Judgment seeking dismissal of the Plaintiff's remaining claim for "restitution" (or, unjust enrichment). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

### I. Procedural History

Plaintiff initiated this action on December 22, 2017 and filed the operative Second Amended Complaint on May 11, 2018. ECF 12. In response, Defendant filed a Motion to Dismiss on October 5, 2018 (ECF 23), which the Court granted as to five of Plaintiff's six claims; the Court found Plaintiff plausibly stated a claim for "restitution," or unjust enrichment. ECF 63. Defendant filed the present motion on May 31, 2019 seeking summary judgment on Plaintiff's remaining claim. Defendant argues the claim fails as a matter of law because a written contract already exists, Plaintiff's arguments regarding securitization and "credit default swaps" are merely speculative, and Plaintiff has failed to offer evidence supporting the elements of the claim. Initially, Plaintiff

failed to respond to Defendant's motion within the time required by local rule; however, he responded to the Court's order to show cause why the motion should not be granted. Plaintiff contends that Defendant has never produced any documents "showing [his] wet ink signature" and Defendant cannot show it is in possession of the deed of trust or title for the property. Defendant replies that Plaintiff has failed to respond by affidavit or declaration to its statement of facts and he does not address his remaining claim for unjust enrichment or Defendant's arguments for summary judgment.[1]

## II. Findings of Fact

The Court makes the following findings of fact viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.

1. On October 23, 2006, Plaintiff executed and delivered a promissory note ("Note") in favor of Fremont Investment & Loan in the original principal sum of $286,000.00 (the "Loan"). Note, ECF 66-1 at 8-16.

2. The Note bears an indorsement executed by Doug Pollock, Assistant Vice President of Fremont Investment & Loan ("Fremont"), to blank. *Id.* at 12.

3. Under the terms of the Note, Plaintiff agreed as follows: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.* at 8, ¶ 1.

---

[1] One month after Defendant filed its reply brief, Plaintiff filed an "Affidavit" and several exhibits with no request for leave to do so. ECF 72. The Court struck the affidavit as improperly filed but allowed Plaintiff an opportunity to re-file the document with a motion seeking leave to do so. ECF 75. Instead, Plaintiff filed a motion seeking a sixty-day extension of time in which to file an affidavit and the Court denied the motion for failure to demonstrate good cause. ECF 77, 78. Plaintiff then filed a motion seeking leave to file an "amended" affidavit, but it was not attached to the motion and he did not specify when he intended to file such document; the Court denied the motion for failure to demonstrate good cause. ECF 80, 81.

4. Plaintiff also promised to make monthly payments, including principal and interest, on the first of each month beginning December 1, 2006 and continuing until he repaid by the date the Loan matured, November 1, 2036. The Note provides that if Plaintiff failed to pay the full amount of each monthly payment on the date it was due, he would be in default. *Id.* at 3, 7.

5. To secure the repayment for the Note, Plaintiff executed a deed of trust ("Deed of Trust") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") solely as nominee for the original lender Fremont, and its successors and assigns. Deed of Trust, ECF 66-1 at 67-85.

6. Plaintiff has admitted that the exhibits produced by Defendant appear to be true and genuine copies of the Note and Deed of Trust. Resps. to Requests for Admission, ECF 66-3 at 3.

7. The Deed of Trust was recorded on October 31, 2006, at Reception No. B6155140 in the real property records of Arapahoe County, Colorado, and encumbered the Property. ECF 66-1 at 67.

8. Under the terms of the Deed of Trust, Plaintiff "covenant[ed] and agree[d]" that: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note." *Id.* at 70, 78.

9. The Note was subsequently transferred to Defendant pursuant to the terms of a Pooling and Servicing Agreement dated February 1, 2007 (the "PSA"). PSA, ECF 66-1 at 17-55.

10. The Deed of Trust was assigned from MERS, as nominee for Fremont, to Deutsche Bank, as Trustee, which is memorialized by the Corporate Assignment of Deed of Trust executed on

August 31, 2017 and recorded in the Arapahoe County real property records on September 7, 2017 at Reception Number D7102369 (the "Deutsche Bank Assignment"). Affidavit of Sony Prudent, May 28, 2019 ("Prudent Aff."), ¶ 16; Deutsche Bank Assignment, ECF 66-1 at 86.

11. Ocwen Loan Servicing, LLC ("Ocwen") was the servicer of the Loan on behalf of the Defendant. Prudent Aff. ¶ 2.

12. The last monthly mortgage payment made by Plaintiff was received on February 28, 2017, which was applied to the payment due for February 1, 2017. *See* Loan Payment History, ECF 66-1 at 91.

13. On April 26, 2017, Ocwen sent Plaintiff a Notice of Default advising him of (a) his default, (b) the action required to cure the default, (c) the date by which he needed to cure the default, which date was not less than thirty days from the date of the letter, and (d) the fact that his failure to cure the default by that date would result in the acceleration of the amounts owed on the Loan and the initiation of foreclosure proceedings (the "Notice of Default"). *See* Notice of Default, ECF 66-1 at 97-100.

14. On July 17, 2017, the original Note, Mortgage, and Title were delivered to Ocwen, together with a copy of the Assignment. *See* ECF 66-1 at 101.

15. On July 28, 2017, Ocwen sent Plaintiff a letter notifying him that the default had not been cured, advising him of the amount needed to reinstate the Loan, and informing him that the Loan may be referred to foreclosure if the default was not cured (the "Pre-Foreclosure Referral Letter"). *See* Pre-Foreclosure Referral Letter, ECF 66-1 at 104-108.

16. Due to Plaintiff's failure to cure the default, Defendant initiated Rule 120 foreclosure proceedings against him in Colorado state court on April 13, 2018 (the "Foreclosure

Proceedings"). *See* Arapahoe County Court Register of Actions, Case No. 2018CV0308770, ECF 66-4.

17. Plaintiff does not dispute the Loan was in default at the time the Foreclosure Proceedings were initiated. Deposition of Derrick Brickert, April 22, 2019 ("Brickert Depo."), 33:21 – 34:01, ECF 66-5.

18. Plaintiff has admitted the last monthly mortgage payment he made was on or about February 28, 2017. *See* ECF 66-2 at 6, Request for Admission ("RFA") 4; ECF 66-3 at 2, Resp. to RFA 4.

19. At the time the Foreclosure Proceedings were initiated, Plaintiff admits he does not know who owned or held his Loan, Note, and Deed of Trust. Brickert Depo. 28:04 – 28:10.

20. On May 9, 2018, Judge Elizabeth Beebe Volz issued an Order granting Defendant's "Verified Motion for Order Authorizing Sale Pursuant to Rule 120, Colorado Rules of Civil Procedure." ECF 66-4.

21. On May 30, 2018, the Public Trustee for Arapahoe County, Colorado conducted a foreclosure sale of the Property, and SBMP Ventures LLC was the highest bidder and successful purchaser of the Property at the sale. *See* Public Trustee's Certificate of Purchase, ECF 66-1 at 109.

22. The Certificate of Purchase was recorded in the real property records of Arapahoe County, Colorado at Reception No. D8053235 on June 5, 2018. *Id.*

23. On June 6, 2018, an Assignment of Public Trustee's Certificate of Purchase between SBMP Ventures LLC and DFW Group LLLP was recorded at Reception No. D8054028 in the Arapahoe County records. See Assignment of Public Trustee's Certificate of Purchase, ECF 66-1 at 118.

24. On June 13, 2018, the Arapahoe County Public Trustee recorded a Confirmation Deed at Reception No. D8057210 in the real property records of Arapahoe County, Colorado, granting ownership of the Property to DFW Group LLLP. See Confirmation Deed, ECF 66-1 at 119.

25. On April 8, 2019, Plaintiff informed Defendant in response to Defendant's Interrogatories and Requests to Produce that he no longer had any documents or records to produce. See April 8, 2019 Responses to Defendant's Interrogatories and Requests to Produce, ECF 66-7 at 6.

## LEGAL STANDARDS

### I. Fed. R. Civ. P. 56

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine issue of material fact exists "unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (quoting *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976,

979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); *World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (citation omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and...if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005); *see also Hasan*, 935 F.3d at 1098 ("'Unsubstantiated allegations carry no probative weight in summary judgment proceedings.").

"The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## II.  Treatment of a Pro Se Plaintiff's Filings

Because Plaintiff proceeds pro se in this case, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). That is, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, to overcome a motion for summary judgment the nonmovant must go beyond the pleadings and set forth specific facts—such as affidavits, depositions, declarations, or stipulations—that would be admissible in evidence in the event of a trial. Conclusory, self-serving affidavits do not satisfy this standard, *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991), nor do unsupported conclusory allegations, *L&M Ents., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## DISCUSSION

In its motion to dismiss, Defendant argued that Plaintiff's "restitution" claim, construed by the Court as a claim for unjust enrichment, should be dismissed because the mortgage payment obligation was governed by the terms of a contract. The Court concluded that it would be improper, under a Rule 12(b)(6) analysis, to consider the "Corporate Assignment of Deed of Trust" for Defendant's argument. Here, Defendant proffers the same argument and the Court agrees that

prevailing law requires the Plaintiff's claim be dismissed. As such, the Court need not address Defendant's other arguments in support of summary judgment.

"[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation. *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008), *as modified on denial of reh'g* (Aug. 18, 2008). Here, Plaintiff alleges that "Deutsche has no beneficial interest in Plaintiff's mortgage, so the pending foreclosure of Plaintiff's property would constitute unjust enrichment." Am. Compl. ¶ 23. Defendant argues Plaintiff's payment obligation to it was governed by the Note and Deed of Trust and that "a claim for unjust enrichment may not be asserted if there is a valid contract covering the subject matter of the alleged obligation to pay." Mot. 9 (citing *Jorgensen v. Colo. Rural Props.*, LLC, 226 P.3d 1255, 1259 (Colo. App. 2010)).

Defendant is correct that a "party generally cannot recover for unjust enrichment … where there is an express contract addressing the subject of the alleged obligation to pay." *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 382 P.3d 821, 833 (Colo. 2016). However, "a party may still recover for unjust enrichment when (1) the express contract fails or is rescinded, or (2) the claim covers matters that are outside of or arose after the contract." *Id.* (citations omitted). Defendant has submitted evidence that it was the holder of the relevant Note at the time of the foreclosure proceedings; accordingly, Plaintiff must raise a genuine issue of material fact as to whether Defendant was the Note Holder as to Plaintiff's mortgage loan or whether his claim covers matters outside of or arose after the contract.

Plaintiff does not argue, and the Court perceives, no circumstances here demonstrating that Plaintiff's unjust enrichment claim involves matters outside of the Note and Deed of Trust. Thus,

9

Plaintiff must establish a material factual issue as to whether the Note/Deed of Trust fails or was rescinded. Plaintiff does not dispute the authenticity of the Note and Deed of Trust submitted by Defendant in support of its motion; however, Plaintiff argues that he received a "blank assignment of deed of trust from Ocwen which was never completed, no signatures, and never filed in unincorporated Arapahoe County." Resp., ECF 69. Plaintiff attaches a copy of a purported Assignment of Deed of Trust that is not dated, signed, nor notarized. *Id.* at 22-24. He contends that, because this document and the Deed of Trust list the "wrong" county (Denver, as opposed to Arapahoe), "the public trustee sale should have never happened!" Resp. 2. The Court disagrees.

First, Plaintiff does not dispute that the relevant Deed of Trust was properly filed and recorded in Arapahoe County. Second, Plaintiff fails to explain how the "error" in identifying the correct county in the text of the October 23, 2006 Deed of Trust invalidates the document. Third, the "Assignment" Plaintiff proffers was never signed or recorded; thus, even if authentic, it does nothing to rebut the authenticity and effectiveness of the August 31, 2017 Corporate Assignment of Deed of Trust submitted by Defendant.

Plaintiff also argues that he is unable to "track down [his] title through the title insurance company"; he possesses payoff letters regarding two other loans (originating in 2004 and 2005) that were "not filed correctly with the Clerk and Recorder for Arapahoe County"; and, he never saw the public trustee sale published in the Aurora Sentinel newspaper. Resp. 2-3. However, Plaintiff does not explain how any of these arguments rebut Defendant's contention that the Corporate Assignment of Deed of Trust demonstrates Deutsche Bank was the Note Holder at the time of the foreclosure proceedings. As for Plaintiff's assertion that MERS informed him in April 2018 that Wells Fargo was the "investor" on the loan, the Court finds the document Plaintiff submits, which reflects what appears to be a screen shot from a website (ECF 69 at 33), is

insufficient to rebut the Corporate Assignment document executed and notarized on August 31, 2017, and recorded in Arapahoe County on September 7, 2017.  ECF 66-1 at 86.  Plaintiff's document is not authenticated and is offered for the truth of the matter asserted and, thus, constitutes inadmissible hearsay.  *See* Fed. R. Civ. P. 56(c).

The Court finds Plaintiff fails to raise a genuine issue of material fact as to whether Defendant was unjustly enriched under the circumstances presented in this case and as to whether his claim involves a matter outside of the mortgage loan at issue here.

## **CONCLUSION**

Plaintiff has failed to introduce admissible evidence raising a genuine issue of material fact as to whether Defendant received a benefit at the Plaintiff's expense under circumstances that would make it unjust for Defendant to retain the benefit.  Accordingly, Defendant's Motion for Summary Judgment [filed May 31, 2019; ECF 66] is **granted**.  The Clerk of the Court is directed to close this case.

Dated at Denver, Colorado this 19th day of November, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge